By the Court.
Woodruff, J.
—No. 37 of the Rules of Court, provides that where a party makes a case or exceptions, he shall procure the same to be filed within ten days, or the same shall be deemed abandoned.
It appears by the affidavits on the part of the plaintiff, and to these there is no contradiction on that subject, that the case made by the defendants herein, was settled, by the referee before whom the action was tried, more than two months before the papers were served for the purposes of this motion.
The plaintiff is therefore, within the plain terms of the rule, entitled to treat the case as abandoned, and to enter an order to that effect, and to proceed as if no case nor exceptions had been made herein.
But in such case the neglect or omission to file the case may be excused, and the party be relieved if the Court deem it reasonable and just to do so.
The explanations of the causes of delay relieve the parties who are now seeking to continue the cause, from any imputation of fault on their part. The defendants have failed and become insolvent, and their attorney and counsel declined defending further for them.
The plaintiff should not be permitted to suffer by these circumstances. As to him it is no excuse for the defendants that they have failed and cannot pay for defending, and if therefore there were no parties interested but the insolvent corporation, there would be no ground for extending to them any indulgence.
But it is suggested that through the defendants, and in virtue of the judgment which the plaintiff has recovered, he seeks to recover from the stockholders in their individual capacity, and that there are creditors of the company also, whose rights *624 as such, will be affected by a judgment against the corporation which is claimed to be erroneous.
There are cases in which a judgment recovered against a corporation has been held prima facie evidence, in an action against the individual stockholder, that the judgment debt is due and payable. (Slee v. Bloom, 19 J. R., 456 ; 20 id., 669; Moss v. Oakley, 2 Hill, 265; Moss v. McCullough, 7 Barb., 279; Belmont v. Coleman, 1 Bosw., 188.)
The creditors and stockholders are therefore interested to assist the company to defeat this claim by defending it, if there is reasonable ground for a review on appeal.
So soon as their counsel was informed that the attorneys for the defendants declined defending further for want of fees, he appears to have taken immediate steps to have another attorney substituted, and the case has been received from the referee, and is in the hands of the printer.
The defendants being insolvent," the plaintiff is not likely to suffer from the few days delay which will occur before the case can be heard in its order.
We think the defendants should now be permitted to retain their case and bring their appeal to argument.
But since it is conceded that the defendants are in default—and are insolvent—and are here desiring to be relieved from the consequences of a non-compliance with the rule, their stockholders or creditors should not be permitted now to come in and in form, in the name of the insolvent company, but in fact for their own benefit litigate the action further without giving security to the plaintiff for all costs to which he may henceforward become entitled from the defendants upon the case or exceptions which they desire to have considered on the appeal herein.
Upon filing the case, giving such security by an undertaking with two sureties who shall justify in $500 each, and stipulating to accept short notice of argument for January term, the motion should be denied; costs of motion in such case to the plaintiff, $10, to abide the event. If such case be not filed and the stipulation and undertaking be not given within ten days, the appeal is dismissed with $10 costs of the motion.